HUMBLE OIL & REFINING CO. *v.* WELBORN, et al.

Jan. 12, 1953

No. 38617 15 Adv. S. 1 62 So. 2d 211

*Tom P. Caldwell, M. M. Roberts* and *Herman P. Pressler,* for appellants.

*Buchanan & Montgomery,* for appellees.

Hall, J.

Appellant owns a commercial oil and gas lease on 299 acres of land owned by appellees. This lease contains no pooling provision. The land is all contiguous but is situated in four different sections and is all in the Soso Gas Field. The State Oil and Gas Board adopted spacing rules which provide that each drilling unit in this field shall consist of one-half section or 320 acres. Appellees' lands were therefore placed in four drilling units and permits were granted for drilling each of these units and wells have been drilled, none of which, however, are upon the lands owned by appellees. Appellant filed petitions with the Oil and Gas Board for the integration of the interests of all owners of oil and gas rights in each unit and orders were entered granting the relief sought. Appellees appealed therefrom to the circuit court which reversed the orders of the Oil and Gas Board and from that action Humble appeals here.

By Chapter 220, Laws of 1950, the State Oil and Gas Board is authorized, when two or more separately owned tracts of land are embraced within an established drilling unit and the owners have not agreed to integrate their interests, to require such owners to integrate their interests and to develop their lands as a drilling unit for the prevention of waste or to avoid the drilling of unnecessary wells. The lower court was of the opinion that this provision in the statute is unconstitutional but since his decision we have held to the contrary. Superior Oil Co. v. Foote, 214 Miss. 857, 59 So. 2d 89.

Appellees sought to prove in the hearing before the Oil and Gas Board that the sands underlying their lands are thicker and contain more hydrocarbons than the adjoining lands in the same unit for which reason they assert that their lands are more productive and that consequently the order of integration should allocate to their acreage in each unit a larger proportion of the production from each unit well than that which should be allocated to the other lands comprising the unit. Stated differently, appellees contended before the Oil and Gas Board and here contend that they should not be compelled to share in the production from each unit in proportion to the actual surface acreage owned by them in the unit, but that they are entitled to more royalty per acre than the other owners in the unit. We think this contention is foreclosed by our conservation law, Chapter 256, Laws of 1948, for by paragraph (d) of Section 9 thereof it is expressly provided that "Anything herein contained to the contrary, notwithstanding, any allocation or apportionment of production shall be made on the basis of and in proportion to the acreage content of the drilling units prescribed for the producing horizons for the pool . . ." We do not write the statutes and must interpret them as adopted by the legislature. That body has fixed surface acreage as the basis for apportionment of production in each unit. The judgment of the circuit court will therefore be reversed and judgment will be entered here affirming the orders of the Oil and Gas Board.

Reversed and judgment here.

*McGehee, C. J.,* and *Holmes, Arrington* and *Ethridge, JJ.,* concur.